Tommy SF Wang SBN: 272409
Leontyne Fan SBN: 285042
Yang & Wang, P.C.
355 S. Grand Ave., Ste. #2450
Los Angeles, CA 90071
Telephone: (888) 827-8880
Fax: (888) 827-8880
Email: twang@yangwanglaw.com; lfan@yangwanglaw.com

Attorneys for Plaintiff
P&W Group, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P&W Group, LLC, a California Limited Liability Company d/b/a Hydrostrike, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SPEEDY DISTRIBUTION GROUP, INC., a Florida Corporation; A1 SALES, INC., a New York Corporation; AND DOES 1 TO 10,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR:**<br>1. **FEDERAL TRADEMARK INFRINGEMENT AND TRADEMARK COUNTERFEITING;**<br>2. **TRADE DRESS INFRINGEMENT [15 U.S.C. §1125(a)];**<br>3. **FALSE DESIGNATION OF ORIGIN [15 U.S.C. §1125(a)/Lanham Act §43(a)];**<br>4. **FEDERAL TRADEMARK DILUTION [15 U.S.C. §1125(c)];**<br>5. **FEDERAL UNFAIR COMPETITION [15 U.S.C. §1125(a)];**<br>6. **CALIFORNIA COMMON LAW UNFAIR COMPETITION; and**<br>7. **CALIFORNIA UNFAIR COMPETITION (CALIFORNIA BUSINESS & PROFESSIONS CODES §17200, *et seq.*]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, P&W GROUP, LLC, a California Limited Liability Company, dba HYDROSTRIKE, LLC (hereinafter "Plaintiff"), hereby files this Complaint against Defendants SPEEDY DISTRIBUTION GROUP, INC., a Florida Corporation; A1 SALES, INC., a New York Corporation; and DOES 1 to 10 (hereinafter "Defendants"), and alleges as follows:

## INTRODUCTION

1.  This action concerns Defendants' willful and blatant infringement of Plaintiff's protectable rights in and to Plaintiff's Believe Simple Trademark ("Believe Simple" or "Trademark") and the trade dress of Plaintiff's CE-4 electronic cigarettes ("CE-4 Electronic Cigarettes").

2.  Plaintiff seeks a Permanent Injunction, damages, costs, and attorneys' fees as authorized by the Lanham Act, the patent laws of the United States, Title 35, United States Code, California's common law, and California Business & Professions Code.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to patents or trademarks).

4.  The Court has personal jurisdiction over Defendants since Defendants have committed acts of trademark infringement, trade dress infringement, and unfair competition in this district and/or Defendants have sufficient minimum contacts with this district to such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have advertised, offered to sell and sold products that infringe Plaintiff's Trademark and Trade Dress rights to consumers within this

judicial district, knowing or having reason to know that consumers, including those within this judicial district, would purchase said goods from Defendants, believing that they were authentic goods produced by and/or associated with Plaintiff or its authorized licensees.

5.  Further, this Court has jurisdiction over Plaintiff's California state statutory and common law claims pursuant to 28 U.S.C. § 1367.

6.  Supplemental jurisdiction exists over Defendants because on information and belief, Defendants conduct business in California and in this judicial district, have purposefully availed itself to California and in this judicial district, or have otherwise availed itself of the privileges and protections of the law of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

7.  Venue is proper within the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and has caused damages to Plaintiff in this district.

## THE PARTIES

8.  Plaintiff P&W GROUP, LLC, dba HYDROSTRIKE, LLC, is, and at all relevant times herein was, a California limited liability company with its principal place of business in 19433 San Jose Ave., City of Industry, CA 91748.

9.  HYDROSTRIKE LLC is, and at all relevant times herein was, a California Fictitious Business Name registered under P&W GROUP, LLC in the San Bernardino County. *See* Exhibit A.

10. Plaintiff is informed and believes, and based thereon alleges, that

SPEEDY DISTRIBUTION GROUP, INC. is, and at all relevant time was, a corporation duly organized and existing under the laws of the State of Florida, with its principal place of business in 2342 Thomas Street, Hollywood, FL 33020.

11. Plaintiff is informed and believes, and based thereon alleges, that A1 SALES, INC. is, and at all relevant time was, a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in 28-23 Steinway Street, Astoria, NY 11103.

12. Plaintiff is informed and believes, and based thereon alleges, that Defendants SPEEDY DISTRIBUTION GROUP, INC. and A1 SALES, INC. are distributors of smoking accessories that have placed their products into the stream of interstate commerce and Defendants' products have been sold on the Internet to consumers in California.

13. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named DOES 1-10, inclusive, are unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

14. Plaintiff further alleges that Defendants and DOES 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth.

15. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendants, and DOES 1-10, inclusive, and each of them, were the agents, servants, and employees of every other Defendant and the acts of each

Defendant, as alleged herein, were performed within the course and scope of that
agency, service or employment.

## FACTUAL BACKGROUND

16. Plaintiff manufactures, distributes and sells CE-4 Electronic Cigarettes
products to
consumers in California.

17. Plaintiff owns and holds the exclusive rights, title, and interest to market
and sell merchandise bearing the Believe Simple Trademark, Registration No.
4,671,367 (the "Believe Simple Trademark" or "Trademark").  Plaintiff registered
its Trademark on January 13, 2015 with the United States Patent and Trademark
Office. *See* Exhibit B.

18. Plaintiff's Trademark consists of the words "Believe Simple", under
International Class 034, and is used for electronic cigarettes and smokeless
cigarette vaporizer pipe. *See* Exhibit B.

19. Plaintiff's CE-4 Electronic Cigarettes are packaged distinctively with the
following features: 1) a red box containing 12 individually packaged  electronic
cigarettes; 2) the Believe Simple Trademark on the top and three sides of the box;
3) a warranty on the right side of the box; 4) a warning on the back of the larger
box; 5) the Believe Simple Trademark and warranty on the back of the 12
individual packages of electronic cigarettes; 6) a white three-leaf clover on the top
of each of the 12 individual packages of electronic cigarettes; 7) the components,
parameters, use instructions, and warnings on the left of the 12 individual packages
of electronic cigarettes; 8) the text "BE" in all capitalized bold font followed by an
underlining of the words with a three-leaf clover on the upper right hand corner in

different colors, and "CE-4 Electronic Cigarette" written below the text. *See* Exhibit C.

20. The above-described elements together constitute the trade dress of Plaintiff's CE-4 Electronic Cigarettes ("CE-4 Trade Dress" or "Trade Dress"), to and in which Plaintiff owns protectable rights.

21. Plaintiff has been manufacturing and distributing CE-4 Electronic Cigarettes and the accompanying CE-4 Trade Dress since 2012, and its products have been sold on the Internet and throughout California.

22. In or around 2015, Plaintiff discovered that Defendants were also selling CE-4 electronic cigarettes ("Infringing Product") on the Internet, and as a result the Infringing Product was sold to consumers throughout California, bearing a logo virtually identical or confusingly similar to Plaintiff's Believe Simple Trademark and a packaging largely identical to Plaintiff's Trade Dress.

23. Defendants' logo ("Infringing Logo") consists of the words "VAPour Puff," and the Infringing Product uses the exact same font and similar color schemes as the CE-4 Trade Dress, and uses the exact same language for the warning label and warranty. Further, the Infringing Product misuses Plaintiff's Trademark and writes "Believe Simple warranty" on its packaging. *See* Exhibit C.

24. Defendants' Infringing Product contains the following packaging: 1) a pink box containing 12 individual packages of electronic cigarettes; 2) the Infringing Logo on the top and three sides of the box; 3) a warranty on the right side of the box; 4) a warning on the back of the box; 5) the Infringing Logo and warranty on the back of the 12 individual packages of electronic cigarettes; 6) a white three-leaf clover on the top of each of the 12 individual packages of electronic cigarettes; 7) the components, parameters, use instructions, and

warnings on the left of the 12 individual packages of electronic cigarettes; and 8) the text "VAP" in all capitalized bold font followed by an underlining of the words with a three-leaf clover on the upper right hand corner in different colors, and "CE-4 Electronic Cigarette" written below the text. *See* Exhibit C.

25. Upon information and belief, Plaintiff alleges that Defendants' Infringing Product was, and still is, being packaged, marketed, and distributed using the exact same elements, in the same size and similar color, as Plaintiff's Trademark and Trade Dress. The only slight difference is where Defendants have replaced Plaintiff's Logo with Defendants' Infringing Logo, and Plaintiff's red color has been replaced with Defendants' pink color.

26. Defendants' Infringing Products are in direct competition with Plaintiff's CE-4 Electronic Cigarettes. Defendants have used the Infringing Logo and a close variation of Plaintiff's Trade Dress in its advertising for such products and services, thereby competing unfairly with Plaintiff, infringing upon Plaintiff's trademark and trade dress rights, and improperly trading on the goodwill established by Plaintiff.

27. As a result of Defendants' unlawful infringement of Plaintiff's Trademark and Trade Dress, Plaintiff has suffered and will continue to suffer damages. Plaintiff is entitled to recover from Defendants the damages suffered as a result of Defendants' unlawful acts.

28. Defendants' infringing activities have caused damages to Plaintiff by causing customer confusion. In addition, Defendants' use of a logo and packaging bearing marks virtually identical or confusingly similar to Plaintiff's Believe Simple Trademark and Trade Dress has and continues to dilute Plaintiff's goodwill in its products and business that it has invested significant time and resources.

29. On information and belief, Defendants' infringement of Plaintiff's Trademark and Trade Dress is willful and deliberate, therefore entitling Plaintiff to enhanced damages and reasonable attorney's fees and costs.

30. On information and belief, Defendants intend to continue their unlawful infringing activity, and Plaintiff continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—unless Defendants are enjoined by this Court.

## COUNT I- FEDERAL TRADEMARK INFRINGEMENT AND TRADEMARK COUNTERFEITING

31. Plaintiff repeats and re-alleges, as set forth herein, the allegations contained in paragraphs 1 through 30, and brings the following claim for trademark infringement pursuant to 15 U.S.C. § 1114 against Defendants.

32. Plaintiff owns or is the licensee of the exclusive rights to the Believe Simple Trademark. The trademark registration is in full force and effect and is owned by the Plaintiff or Plaintiff's licensors.

33. Plaintiff, and/or those under its authority, manufactures, sells, and distributes all of its advertising and products in conformity with the provisions of the United States Trademark law.

34. Despite having actual and constructive notice of the Plaintiff and/or its licensors' federal registration rights, prior common law and statutory rights to the Believe Simple Trademark, Defendants have adopted and used a virtually identical or confusingly similar design in conjunction with the sale of merchandise in the State of California and interstate commerce.

35. Defendants have distributed, sold, or offered for sale merchandise bearing

a logo virtually identical or confusingly similar to Plaintiff's Trademark without Plaintiff's authorization. Defendants' distribution, sale, or offer for sale of such merchandise in California and interstate commerce has and will cause the likelihood of confusion, deception, and mistake in that consumers will conclude that the products sold by the Defendants are authorized, sponsored, approved, or associated with the Plaintiff.

36. Defendants' use in commerce of a logo virtually identical or confusingly similar to Plaintiff's Trademark in conjunction with the sale of merchandise is an infringement of Plaintiff's registered Believe Simple Trademark in violation of 15 U.S.C. § 1114(1).

37. Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively with the intent to injure the Plaintiff and its business.

38. The Plaintiff has suffered damages as a result of the Defendants' acts.

39. The Infringing Products bearing a logo virtually identical or confusingly similar to Plaintiff's Trademark that the Defendants sold, distributed, or offered for sale constitute a counterfeit product pursuant to 15 U.S.C. § 1116(d).

40. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recovery of (1) Defendants' profits; (2) Plaintiff's damages, including lost profits; and (3) costs of the action. Plaintiff is further entitled to trebled damages above the amount of actual damages in a sum of not more than three times the amount of actual damages. Defendants' intentional and deceitful actions make this a case in which the Plaintiff is entitled to an award of attorneys' fees.

41. By reason of the aforementioned acts by Defendants, Plaintiff has

suffered and will continue to suffer irreparable damage, in an amount to be determined, and damages will continue unless and until enjoined by Order of this Court.

### COUNT II- TRADE DRESS INFRINGEMENT [15 U.S.C. §1125(a)(1)]

42. Plaintiff repeats and re-alleges, as set forth herein, the allegations contained in paragraphs 1 through 41, and brings the following claim for trade dress infringement pursuant to 15 U.S.C. § 1125(a)(1) against Defendants.

43. Plaintiff owns protectable rights in and to the CE-4 Electronic Cigarette Trade Dress. First, Plaintiff's Trade Dress is inherently distinctive. The size, color, design, and arrangement of text and symbols that constitute Plaintiff's Trade Dress are unique to its product. Further, Plaintiff's Trade Dress, which Plaintiff has used since 2012 to market its CE-4 Electronic Cigarettes to the public, has acquired secondary meaning. Plaintiff's Trade Dress has become associated in the mind of its consumers as indicative of Plaintiff's company and its products.

44. Further, the size, color, design, and arrangement of elements in Plaintiff's Trade Dress do not serve any functional purpose. The design appearing on the packaging of Plaintiff's CE-4 Electronic Cigarettes does not make the product more useful or easier to manufacture or distribute. Thus, the Trade Dress is non-functional.

45. Plaintiff began using the CE-4 Electronic Cigarette Trade Dress in or around 2012, approximately 3 years before Defendants' Infringing Product appeared on the market.

46. Defendants' blatant and willful copying of Plaintiff's Trade Dress is highly likely to cause confusion as to the affiliation, origin, sponsorship and approval of the respective CE-4 electronic cigarette products.  The ordinary

purchaser is not likely to notice the difference between Plaintiff and Defendants' logos or understand that the respective products are completely distinct in manufacture and distribution.

47. Upon information and belief, the aforesaid acts of the Defendants were undertaken willfully with the intention of causing confusion, mistake or deception. Plaintiff is entitled, pursuant to 15 U.S.C. § 1117, to recovery of: (1) Defendants' profits; (2) Plaintiff's damages, including lost profits; and (3) costs of the action. Plaintiff is further entitled to treble damages above the amount of actual damages in a sum not more than three times the amount of actual damages. Defendants' intentional and deceitful actions make this a case in which the Plaintiff is entitled to an award of attorneys' fees.

48. By reason of the aforementioned acts by Defendants, Plaintiff has suffered and will continue to suffer irreparable damage, in an amount to be determined, which damage will continue unless and until enjoined by Order of this Court.

## COUNT III- FALSE DESIGNATION OF ORIGIN
### [15 U.S.C. §1125(a)/Lanham Act §43(a)]

49. Plaintiff repeats and re-alleges, as set forth herein, the allegations contained in paragraphs 1 through 48 and brings the following claim for false designation of origin pursuant to 15 U.S.C. § 1125(a) and the Lanham Act § 43(a) against Defendants.

50. Plaintiff is informed and believes, and upon that basis alleges, that Defendants used Plaintiff's CE-4 Electronic Cigarette Trademark and Trade Dress in connection with its own goods, where use is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, association or approval of such goods.

51. By utilizing a logo and packaging design virtually identical or confusingly similar to Plaintiff's Trademark and Trade Dress in connection with its products, Defendants have misrepresented and falsely described to the general public the origin and the source of the products offered for sale.  Further, it creates a likelihood of confusion, mistake or deception to the ultimate purchaser as to the source of the products.

52. The confusion, mistake, or deception referred to herein arises out of the aforementioned acts of Defendants and the acts of the Defendants constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a) and Section 43(a) of the Lanham Act.

53. Upon information and belief, the aforesaid acts of Defendants were undertaken willfully with the intention of causing confusion, mistake or deception. Plaintiff is entitled, pursuant to 15 U.S.C. § 1117, to recovery of: (1) Defendants' profits; (2) Plaintiff's damages, including lost profits; and (3) costs of the action. Plaintiff is further entitled to treble damages above the amount of actual damages in a sum not more than three times the amount of actual damages. Defendants' intentional and deceitful actions make this a case in which the Plaintiff is entitled to an award of attorneys' fees.

54. By reason of the aforementioned acts by Defendants, Plaintiff has suffered and will continue to suffer irreparable damage, in an amount to be determined, which damage will continue unless and until enjoined by Order of this Court.

**COUNT IV- FEDERAL TRADEMARK DILUTION [15 U.S.C. §1125(c)]**

55. Plaintiff repeats and re-alleges, as if set forth herein, the allegations contained in paragraphs 1 through 54 and brings the following claim for trademark dilution pursuant to 15 U.S.C. § 1125(c) against Defendants.

56. Plaintiff's registered Trademark is distinctive, well known, and famous.

57. Defendants are diluting the distinctiveness of Plaintiff's Trademark by marketing and selling inferior goods bearing a logo virtually identical or confusingly similar to Plaintiff's registered Trademark. Upon information and belief, Defendants have engaged in the conduct alleged in these claims willfully, intending to trade on Plaintiff's reputation and/or to cause dilution of the reputable and distinctive Trademark owned by Plaintiff.

58. Defendants market, conduct business, and publicly represent that Plaintiff's Trademark associated or connected to the Defendants' business thereby creating a false designation of origin of Plaintiff's' brand of goods and services. Thus, Defendants' acts violate 15 U.S.C. §1125(c).

59. As a direct and proximate result of Defendants' trademark dilution, Plaintiff has and will continue to suffer damages to its business, reputation and good will, and the loss of royalties and profits that Plaintiff would have made but for Defendants' acts. Upon information and belief, Defendants' acts of infringement have also resulted in substantial profits for the Defendants. The amount of these damages will be proven at trial.

## COUNT V- FEDERAL UNFAIR COMPETITION [15 U.S.C. §1125(a)]

60. Plaintiff repeats and re-alleges, as set forth herein, the allegations contained in paragraphs 1 through 59 and brings the following claim for unfair competition pursuant to 15 U.S.C. § 1125(a) against Defendants.

61. As a direct result of the Plaintiff's longstanding use, sales, advertising, and marketing, Plaintiff's Trademark and Trade Dress have acquired a secondary and distinctive meaning among the public who have come to identify Plaintiff's Trademark and Trade Dress with the Plaintiff and its respective products.

62. Plaintiff is informed and believes and thereon alleges that as early as 2015, Defendants have infringed Plaintiff's Trademark and Trade Dress rights by marketing and selling goods bearing marks virtually identical or confusingly similar to the recognized and distinctive registered Trademark and Trade Dress owned by Plaintiff.

63. The Infringing Product and related merchandise that the Defendants have sold and distributed duplicates and appropriates Plaintiff's Trademark and Trade Dress and deludes and confuses the public into believing that the Plaintiff approved, authorized, or sponsored the products and related merchandise sold, offered for sale, or distributed by the Defendants.

64. Defendants, by misappropriating and using the likenesses of Plaintiff's Trademark and Trade Dress in connection with the sale of products and related merchandise, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their products. Defendants have caused such products to enter into interstate commerce willfully with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products are authorized or emanate from the Plaintiff.

65. Defendants' actions, as alleged herein, were and are likely to deceive the consuming public and therefore constitute unfair and fraudulent business practices in violation of 15 U.S.C. §1125(a).

66. Defendants' unlawful, unfair, and fraudulent business practices described above present a continuing threat to members of the public in that they are likely to be deceived by the origin and quality of Plaintiff's products.

67. Upon information and belief, Defendants' acts of unfair competition have

resulted in substantial profits for the Defendants in an amount to be determined. Defendants' acts of unfair competition have also resulted in damages to Plaintiff by causing a diversion of sales from Plaintiff to Defendants, lost royalties and other damages resulting from irreparable harm to Plaintiff's goodwill. The exact amount of Plaintiff's damages is to be determined.

68. Plaintiff has also incurred costs and attorneys' fees to bring this action.

69. Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiff unless permanently enjoined.

**COUNT VI- CALIFORNIA COMMON LAW UNFAIR COMPETITION**

70. Plaintiff repeats and re-alleges, as set forth herein, the allegations contained in paragraphs 1 through 69 and brings the following claim for unfair competition pursuant to California's common law against Defendants.

71. The Court has jurisdiction over this Cause pursuant to 28 U.S.C. §1367.

72. By Defendants' acts alleged herein, the Defendants have engaged in unfair competition under the common law of the State of California.

73. Defendants have distributed and sold Infringing Products displaying marks virtually identical or substantially similar to the Trademark and Trade Dress of the Plaintiff in California, thereby creating a false designation of origin of Plaintiff's brand of goods and unfairly competing with Plaintiff's business.

74. Upon information and belief, Defendants have knowingly and willfully misappropriated Plaintiff's Trademark and Trade Dress in an effort to create the impression that the Defendants' counterfeit products are sanctioned by the Plaintiff and to misappropriate the goodwill associated with Plaintiff's Trademark and Trade Dress, entitling Plaintiff to an award of exemplary damages and attorneys' fees.

75. The aforesaid acts of the Defendants have caused damage to Plaintiff, in an amount to be determined.

76. By reason of the acts of the Defendants alleged herein, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage, which damage will continue unless enjoined by Order of this Court.

## COUNT VII- UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, *et seq.*

77. Plaintiff repeats and re-alleges, as set forth herein, the allegations contained in paragraphs 1 through 76 and brings the following claim for unfair competition pursuant to California Business and Professions Code §17200.

78. The Court has jurisdiction over this Cause pursuant to 28 U.S.C. § 1367.

79. By acts complained of herein, Defendants have engaged in unfair competition under Section 17200 of the Business and Professions Code of the State of California.

80. As alleged above, Plaintiff's Trademark and Trade Dress have acquired secondary meaning indicative of origin, relationship, sponsorship and/or association with Plaintiff. The ordinary purchaser is likely to attribute to Plaintiff the misuse by Defendants of Plaintiff's Trademark and Trade Dress and thereby purchase Defendants' Infringing Product based upon that erroneous belief.

81. Plaintiff is informed and believes, and upon that basis alleges, that Defendants copied Plaintiff's Trademark and Trade Dress and reproduced it with the intent of causing confusion, mistake and deception as to the source of the Defendants' Infringing Product and with the intent to palm off such goods as those of Plaintiff. As such, Defendants have committed trademark infringement, trade dress infringement, misleading advertising, and unfair competition, all in

violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 et seq.

82. Upon information and belief, Plaintiff alleges that unless enjoined by the Court, the confusion and deception alleged herein and the likelihood thereof will continue with irreparable harm and damage to Plaintiff.

83. Plaintiff has been proximately damaged by Defendants' infringement and is thus entitled to a permanent injunction to prevent further such conduct, and monetary damages including, but not limited to, all of Defendants' profits on the products sold under or in connection with its infringing use of Plaintiff's Trade Mark and Trade Dress, Plaintiff's lost profits, compensation for the injury to Plaintiff's goodwill and business reputation, expenses incurred in trying to prevent customer confusion, plus Plaintiff's attorney fees and costs.

84. By reason of the acts of Defendants alleged herein, Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' acts of unfair business practices alleged herein, is suffering and will continue to suffer irreparable damage, which irreparable damage will continue unless enjoined by Order of this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands entry of a judgment against the Defendants as follows:

1. The Defendants, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them be enjoined and restrained:

   a. From further using Plaintiff's registered Trademark, Trade Dress, or any other confusingly similar mark, in connection with the

manufacture, sale, advertisement or promotion of any product or any other similar infringement of Plaintiff's Trademark and Trade Dress rights, for products not originating from Plaintiff or authorized by Plaintiff;

b. From diluting any of Plaintiff's Trademark or Trade Dress or any other confusingly similar mark;

c. From engaging in unfair competition by making and selling its products or otherwise using confusingly similar marks and designs, in such a way as to misrepresent the origin of any of the Defendants' products;

2. For an order requiring Defendants to deliver and be impounded during the pendency of this action all material in Defendants' possession, custody or control that include or incorporate products that infringe Plaintiff's Trademark and Trade Dress rights, including but not limited to, any containers, packages, labels and advertisements in their possession or under their control bearing any of Plaintiff's Trademark or Trade Dress or utilizing any simulation, reproduction, counterfeit, copy, or colorable imitation thereof;

3. Directing that the Defendants report to this Court within thirty (30) days after a Permanent Injunction is entered to show its compliance with paragraphs 1 and 2 above;

4. For compensatory damages in an amount to be proven at trial;

5. For all gains, profits and advantages derived by Defendants by its infringement of Plaintiff's trademark and trade dress rights;

6. For punitive damages in an amount sufficient to punish Defendants for its wrongful conduct and to deter others from engaging in similar conduct in the future;

7. For statutory damages as provided by law;

8. For permanent injunction against Defendants, preventing Defendants from any future usage of any identical or similarly confusing marks or designs related to Plaintiff's registered Trademark or Trade Dress;

9. Directing such other relief as the Court may deem appropriate to prevent the trade and public, or individual members thereof, from gaining the erroneous impression that the Plaintiff authorized or approved any products manufactured, sold, or otherwise circulated or promoted by the Defendants or that such products are in any way related to the Plaintiff;

10. For a judgment declaring that this case is exceptional and awarding to the Plaintiff from the Defendants, as a result of the Defendants' willful, intentional, and bad faith sale of Infringing Products bearing the Plaintiff's Trademark and Trade Dress, three times the Plaintiff's damages and three times the Defendants' profits, after an accounting, or statutory damages, should the Plaintiff opt for such relief, pursuant to 15 U.S.C. § 1114 and 1117.

11. Awarding to the Plaintiff damages by reason of the unlawful acts by Defendants as set forth in this Complaint, pursuant to 15 U.S.C. § 1117 and common law;

12. Awarding to the Plaintiff its reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. § 1117;

13. Awarding to the Plaintiff its costs in bringing this action; and

14. Awarding other such relief to the Plaintiff as this Court deems just.

DATE:  8/14/15                                    BY:

_____

**Songfong Tommy Wang**
**Yang & Wang, P.C.**

Attorney for Plaintiff
P&W Group, LLC, et. al.

1

### DEMAND FOR JURY TRIAL

2   P&W Group, LLC hereby demands a jury trial on all issues which can be heard by

3   a jury.

4

5   DATE:  8/14/15                              BY:

6

7

8   _____

9   **Songfong Tommy Wang**
    **Yang & Wang, P.C.**

10  Attorney for Plaintiff
    P&W Group, LLC, et. al.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26